UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CORDELL GUY,

        Plaintiff,

v.

NORTHERN LEASING SYSTEMS, INC.,

        Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff, CORDELL GUY, alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"). Plaintiff alleges that Defendant unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331. *See Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, CORDELL GUY (hereinafter, "Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida.

4. Defendant, NORTHERN LEASING SYSTEMS, INC. (hereinafter "Defendant"), is a New York corporation with its principle place of business located at 132 W. 31st Street, 14th Floor, New York, NY 10001.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation. Defendant's registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6. Defendant regularly uses the telephone in an effort to collect debts.

**FACTUAL ALLEGATIONS SPECIFIC TO MR. GUY**

7. Defendant attempted to collect from Plaintiff alleged debts arising from transactions incurred from the leasing of office equipment.

8. On or about April 11, 2014, Plaintiff sent a certified letter to the office equipment leasing company, LSI Lease Source, Inc., revoking consent to be called on his cellular telephone. (Attached hereto as Exhibit 'A').

9. On or about June 27, 2014, Plaintiff sent a letter to Defendant revoking consent to be called on his cellular telephone. (Attached hereto as Exhibit 'B').

10. On or about July 3, 2014, Defendant sent a letter to Plaintiff acknowledging receipt of Plaintiff's revocation letter. (Attached hereto as Exhibit 'C').

11. Despite acknowledging Plaintiff's revocation letter, Defendant continued to place calls to Plaintiff's cellular phone.

12. Upon information and belief, Defendant used an automatic telephone dialing system or a pre- recorded or artificial voice when placing the aforementioned calls to Plaintiff's cellular telephone.

13. When answering these calls, Plaintiff was greeted either by an automated machine- operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live telephone employee.

14. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act o 1991, 18 F.C.C.R. 14014, 14091-92 (2003).*

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant placed non- emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or a pre- recorded or artificial voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

 (a) $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

 (b) $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

 (c) a declaration that Defendant's calls violate the TCPA;

(d) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre- recorded or artificial voice;

(e) litigation expenses and costs of the instant lawsuit; and

(f) such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By:/s/ *Christopher Legg*
Christopher Legg, Esq.
*Attorney for Plaintiff*
Florida Bar No. 44460

CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Facsimile: 954-927-2451
ChrisLeggLaw@gmail.com